No. 38,887

STATE OF KANSAS, ex rel. HAROLD R. FATZER, Attorney General, *Petitioner*, v. PAUL R. SHANAHAN, Secretary of State, *Respondent*.

(246 P. 2d 305)

Opinion filed July 14, 1952.

*Harold R. Fatzer*, attorney general, argued the cause, and *Robert E. Hoffman* and *C. H. Hobart*, assistant attorneys general, were with him on the briefs for the petitioner.

*George Templar*, of Arkansas City, argued the cause, and *R. C. Woodward*, of El Dorado, and *Earle N. Wright*, of Arkansas City, were with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original action by the state on the relation of the attorney general to compel respondent, the secretary of state, to publish a proposition which petitioner alleges the 1951 legislature made to amend that part of section 2, article 4, of our constitution, which now provides:

"No person shall hold the office of sheriff or county treasurer for more than two consecutive terms."

The pertinent part of section 1, article 14, reads:

"Propositions for the amendment of this constitution may be made by either branch of the legislature; and if two-thirds of all the members elected to each

house shall concur therein, such proposed amendments, together with the yeas and nays, shall be entered on the journal; and the secretary of state shall cause the same to be published in at least one newspaper in each county of the state where a newspaper is published, for three months preceding the next election for representatives, at which time the same shall be submitted to the electors, for their approval or rejection. . . ."

Respondent declined to publish such alleged proposition and in his answer to the petition sets forth his various reasons therefor. The pleadings contain numerous exhibits of legislative proceedings pertaining to House Concurrent Resolution No. 6, here involved, and also contain the interpretation placed thereon by counsel for the respective parties. The pleadings disclose the parties disagree (a) with respect to portions of the legislative proceedings touching the proposed amendment and (b) concerning the legal effect of certain proceedings. Furthermore the parties do not agree on what respondent should publish, if anything.

Petitioner asks this court to resolve these various factual and legal disputes and to direct respondent what to publish. In view of certain material admissions of the parties and the conclusions we are obliged to reach thereon it is unnecessary to narrate the voluminous pleadings and to attempt to resolve factual disputes pertaining to the legislative proceedings and the legal effect thereof.

Neither do we deem it necessary to discuss decisions of this court wherein irregularities in legislative proceedings were initially attacked only after electors had voted to adopt a proposed constitutional amendment. In the instant case petitioner attempts to compel a public official to perform an alleged legal duty which is a condition precedent to the submission of a constitutional amendment to the electorate.

If respondent had a clear legal duty to do the act petitioner seeks to compel him to perform then, of course, the writ of mandamus should issue as prayed for. Otherwise it should be denied. We shall, therefore, proceed directly to the question whether respondent failed to perform a clear legal duty imposed on him by law.

It appears the alleged proposed amendment was not published in the journal of the house in any form, as required by section 1, article 14, of our constitution, previously quoted. As will presently appear, however, we need not rest our decision on that point. If a substantial and honest doubt existed in the mind of respondent whether the proposed amendment as published in the statute book

was actually the proposition the legislature passed respondent clearly was within his rights in declining to publish it in order to prevent a possible invalid vote thereon by the electors. Respondent is not arbitrarily declining to act. Entertaining an honest doubt as to his duties in the premises he is properly refusing to act until his duties are declared by a court of competent jurisdiction.

As we view the instant action only two facts admitted by the parties need be noted. The first is the parties concede that House Concurrent Resolution No. 6 as published in the statute book is not the resolution the legislature passed. The second conceded fact is that House Concurrent Resolution No. 6 throughout its legislative history contained the following provision:

"*This resolution* shall take effect and be in force from and after its publication in the statute book." (Our italics.)

It follows that whatever the legislature actually passed has not been published in the statute book and is not yet effective. There is, therefore, nothing which this court can submit to the electors on which to vote.

It rests solely in the legislative province to determine the method and time within which its enactments shall become operative. With its pronouncements in those respects courts have no authority to interfere. Their function is simply to ascertain the legislative will and to make it effective. Here the legislative intent in that particular is too clear to admit of speculation or doubt. Having reached the conclusion that upon facts admitted by the parties a writ of mandamus cannot issue we need not labor various controverted issues. The question here involved, of course, is one of public interest. The petitioner quite properly instituted the instant action in order to have respondent's duty decided. On the other hand respondent was entirely within his rights and properly declined to publish the alleged proposed amendment.

The only purpose of a writ of mandamus is to require a person to whom it is issued to perform some act which the law enjoins as a duty. In order for a writ of mandamus to issue against a public official to compel performance of a specific act it must appear the applicant has a clear legal right to compel its performance by the officer sought to be coerced. (*National Bank v. Hovey,* 48 Kan. 20, 28 Pac. 1090; *Sharpless v. Buckles,* 65 Kan. 838, 70 Pac. 886; *State, ex rel., v. Atchison, T. & S. F. Rly. Co.,* 125 Kan. 586, 264 Pac. 1056; *State, ex rel., v. Jackson County Board of Social Welfare,* 161 Kan.

672, 681, 171 P. 2d 651; *City of Kansas City v. Union Pac. Rld. Co. et al.,* 165 Kan. 575, 581, 196 P. 2d 184.)

In the light of what has been said it, obviously, was not clear to respondent, and it is not clear to this court, what proposition he should publish as the one to be submitted to the electorate. It follows respondent properly declined to publish the alleged resolution and that there is nothing which this court can submit to the electorate for adoption.

The application for the writ is denied.