No. 43,951

Robert L. Horyna, *Appellee*, v. The Board of County Commissioners of Stafford County, Kansas, *Appellants.*

(399 P. 2d 844)

Opinion filed March 6, 1965.

A. K. *Stavely*, Assistant Attorney General, of Topeka, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Robert E. Hoffman*, Assistant Attorney General, of Topeka, and *William Davison*, County Attorney, and *William E. Goss*, Special Counsel, of St. John, were with him on the briefs for appellants.

*Robert P. Keenan*, of Great Bend, argued the cause, and *Larry E. Keenan*, of Great Bend, was with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from a judgment granting a peremptory writ of mandamus commanding the Board of County Commissioners of Stafford County, Kansas, to grant to plaintiff a retail cereal malt beverage license to sell malt beverages in original and unbroken case lots in South Seward Township in Stafford County.

The case was tried to the court on facts contained in the pleadings and an agreed statement, all of which may be summarized.

On September 11, 1963, petitioner filed with defendant his application for a license to sell cereal malt beverages "in original and unbroken case lots" at the service station operated by appellee, located on U. S. Highway 281 in South Seward Township, Stafford County, Kansas, fourteen miles north of the City of St. John, the county seat.

The above location not being within the corporate limits of any city, defendant gave notice by registered mail to the clerk of the

Township Board of South Seward Township of the filing of the application. The Township Board of South Seward Township filed with the Board of County Commissioners its written objection to the granting of appellee's application, as follows:

"To the Board of County Commissioners of Stafford County, Kansas:

"We, the Township Board and the majority of the residents of South Seward Township, Stafford County, Kansas, do object and ask that no cereal malt beverage license be issued to Robert L. Horyna or anyone else in South Seward Township."

On December 2, 1963, the Board of County Commissioners of Stafford County adopted a resolution denying the application for a license because of the written objection filed by the Township Board of South Seward Township, and in addition recited in substance that in the judgment of the Board of County Commissioners the morals, health and public interest of all concerned would be served by such denial, and particularly because of the difficulty of maintaining adequate police supervision of the location in question—the traffic on Highway 281 being heavy. That in the judgment of the Board, cereal malt beverages in any form should not be sold on said highway.

The agreed statement read in part:

"It was stipulated that the Application for a License to Retail Cereal Malt Beverages in original and unbroken case lots was in all respects proper and legally sufficient; that Robert L. Horyna was a fit and proper person to receive such a license under the laws of the State of Kansas, if such a license should be issued; that the protest filed by the Township Board of South Seward Township, the place of business of Robert L. Horyna was to be located, was duly filed as alleged in the answer of the Board of County Commissioners of Stafford County, Kansas; that the resolution passed by the Board of County Commissioners of Stafford County, Kansas, wherein the license that was asked for by Robert L. Horyna, was denied, was passed by the Board of County Commissioners of Stafford County, Kansas, in good faith; that said Board of County Commissioners of Stafford County, Kansas, believed that it was a discretionary matter on its part as to whether the license in question should be issued. . . ."

Defendant has appealed from the judgment of the district court granting plaintiff a peremptory writ of mandamus.

The first question presented for our determination may be simply stated: Do the provisions of K. S. A. 41-2702, pertaining to objections to the granting of a license by the township board apply to an application for a license to "sell only at retail cereal malt beverages in original and unopened containers, and not for consumption on the premises," as covered in the last paragraph of that statute? If

the provision for objection by the Township Board applies, then the Board of County Commissioners was bound by the statute to deny the application.

The pertinent provisions of the Cereal Malt Beverages Act (K. S. A. 41-2702) applicable to this controversy, read:

"No person shall sell any cereal malt beverage at retail without having first secured a license for each place of business as herein provided. In case such place of business is located within the corporate limits of a city then the application for license shall be made to the governing body of such city. In all other cases the application for license shall be made to the board of county commissioners in the county in which such place of business is to be located. . . . The board of county commissioners in any county shall not issue a license without giving the clerk of the township board in the township where the applicant desires to locate, written notice by registered mail, of the filing of said application. If said township board files no written objection to the granting of said license within ten (10) days after the mailing of said notice, then said license may be granted by said board of county commissioners, but if the township board files a written statement of objection to the granting of said license, the same shall not be granted. . . . The application shall be verified and upon a form prepared by the attorney general of the state and shall contain:

[It is then provided what the application shall contain and a license fee is provided for of not less than $25.00 nor more than $100.00 to be fixed by the board of county commissioners.]

"The board of county commissioners of the several counties or the governing body of a city shall issue a license upon application duly made as otherwise provided for herein, to any person engaged in business in said county or city and qualified to receive said license, to sell only at retail cereal malt beverages in original and unopened containers, and not for consumption on the premises. Said license fee to be not less than twenty-five dollars ($25) nor more than fifty dollars ($50) per year. No license issued under this act shall be transferable."

As the statute was originally written, the last paragraph of what is now K. S. A. 41-2702 read, as follows:

"The board of county commissioners of several counties or the governing body of a city shall have the right to issue a license upon application duly made as otherwise provided for herein . . ." (Laws of 1937, Ch. 214, § 2.)

In 1949 the phrase "shall have the right to issue a license" was amended to read "shall issue a license" (Laws of 1949, Ch. 244, § 4) as it now appears in the statute. The appellee contends that by the 1949 amendment the legislature took from the board of county commissioners the discretionary power to grant or deny an application for a license (*Johnson v. Reno County Comm'rs,* 147 Kan. 211, 57 P. 2d 849; *Lindquist v. City of Lindsborg,* 165 Kan. 212, 193 P. 2d 180) where the discretionary power of the board of

county commissioners under the original act was discussed. Appellee further contends that in 1949, the legislature enacted the Kansas liquor control act which authorized licenses for packaged liquor sales not for consumption on the premises as a matter of right (K. S. A. 41-301, *et seq.*) and that it would be ridiculous for a qualified person to be able to secure a license to operate a package liquor store as a matter of right while the county commissioners had the discretion to grant or refuse a qualified applicant a license to sell packaged 3.2 beer.

The appellee also calls our attention to the general rule of law that when a statute is amended, some parts being omitted, the omitted parts are not to be supplied by construction. (*Hauserman v. Clay County*, 89 Kan. 555, 132 Pac. 212; *Schmeling v. F. W. Woolworth Co.*, 137 Kan. 573, 21 P. 2d 337; *State, ex rel., v. Richardson*, 174 Kan. 382, 256 P. 2d 135.) We have no particular quarrel with appellee's contentions.

We must presume that the legislature in amending K. S. A. 41-2702 intended to make some change and we must give effect to the amendment. The legislature did intend to take from the boards of county commissioners all discretion in granting or refusing a license for the sale of cereal malt beverages in the original and unopened containers, and not for consumption on the premises. This was a logical result for the legislature to reach. The board of county commissioners has no authority over licensing for the sale of packaged intoxicating liquors. The sale of intoxicating liquors is not permitted in a township except in townships having a population in excess of 11,000. (K. S. A. 41-303; *Murphy v. Curtis*, 184 Kan. 291, 336 P. 2d 411.) There were very few of such townships existing in 1949 and most of them have now been taken into cities. The board of county commissioners had no authority over licensing the sale of packaged intoxicating liquors and there was no reason it should have any discretion in granting a license for the sale of packaged cereal malt beverages in a township. The matter was a township problem.

The amendment in 1949, took from the board of county commissioners all discretion in granting or denying cereal malt beverage licenses in original and unopened containers; however, the amendment did not alter the right which previously existed and which continues to exist in the township board to approve or disapprove any application for a retail cereal malt beverage license in the township.

It will be noted that K. S. A. 41-2702, at the beginning of the section, covers all sales of cereal malt beverages at retail without regard to whether the retail sale is for consumption on the premises or for sale in the original package or unopened container.

K. S. A. 41-2701 defines sale at retail as follows: "(*b*) 'Sale at retail' and 'retail sale' mean sales for use and consumption and not for resale in any form . . ."

It would therefore appear that any sale not for resale is a "retail sale" or a "sale at retail." The section provides that no person shall sell any cereal malt beverage at retail without first having secured a license. In case the license is for retail sale in the county, the application must be made to the board of county commissioners, but it cannot grant the application until it has given written notice by registered mail to the clerk of the township board in the township where the applicant desires to locate. If the township board objects regardless of whether the application is for a license for sale for consumption on the premises or for sale in original and unopened containers, for consumption off the premises, the county commissioners must refuse the application. These provisions were not affected by the amendment. As K. S. A. 41-2702 now stands, the board of county commissioners may exercise discretion in granting or refusing to grant a license for the sale of cereal malt beverages for consumption on the premises even though the township board does not object. But where the application is for sale at retail in original and unopened containers, and not for consumption on the premises, and the township board files a written statement of objection to the granting of the license, the board of county commissioners has no alternative but to deny the same. However, if the township board does not file a written statement of objection, the board of county commissioners must grant the application and issue the license.

We must conclude that since the board of South Seward Township objected to appellee's application for a license to sell cereal malt beverages in the township, the board of county commissioners had no authority to grant the application.

The conclusion reached eliminates the necessity of giving specific consideration to other questions raised.

The judgment is reversed.