No. 44,609

BARBARA CURLESS, *Appellant*, v. BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Appellee*.

(419 P. 2d 876)

Opinion filed November 4, 1966.

*Joseph N. Vader*, of Olathe, argued the cause and *Eugene T. Hackler, John Anderson, Jr., Marion W. Chipman* and *Wilson E. Speer*, all of Olathe, were with him on the brief of appellant.

*Robert F. Lytle*, of Prairie Village, argued the cause and was on the brief of appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from an order dismissing a petition in mandamus filed in the district court of Johnson county, Kansas. The petition was filed against the Board of County Commissioners of that county to require that board to issue the renewal of a cereal malt beverage license. The petition was dismissed on motion without the introduction of evidence and timely appeal has been lodged in this court by plaintiff.

The Board of County Commissioners of Johnson county, Kansas, will be referred to as the county board. Cereal malt beverage will be referred to as beer.

The plaintiff, Barbara Curless, alleged in her petition that she is a duly qualified person to hold a beer license, that such a license

was issued to her in 1964 and renewed by the county board in 1965 authorizing her to sell beer for consumption on the premises known as "Kola Teepee" located in Spring Hill Township, Johnson county, Kansas. Plaintiff further alleged that she made application for renewal of said license in December 1965 as required and provided by K. S. A. 41-2702, that proper notice of this application was given to the Township Board of Spring Hill Township and no objection to the renewal of her beer license was made by the township board. Plaintiff further alleged that the county board refuses to issue the renewal license for 1966 even though she is a qualified person under the statute. The petition contains other allegations as to irreparable damages and incorporates by attachment a copy of a letter of opinion given by the county attorney to the county board. In this letter the county attorney had interpreted the statute as being mandatory and had suggested that the county board issue the renewal license.

Both parties state in oral argument and in their briefs that the sole point in this appeal is whether the county board is required to issue a renewal beer license under the provisions of K. S. A. 41-2702 when no objection is filed by the township board and the applicant is a qualified person under the statute. The petition does not allege that the county board acted unreasonably, arbitrarily or capriciously. Therefore if the statute is mandatory within the facts alleged in the petition the remedy of mandamus is available to compel the performance of a clearly defined duty not involving the exercise of discretion and the order dismissing the petition was erroneous.

The remedy of mandamus is available for the purpose of compelling the performance of a clearly defined official duty. Its purpose is to compel the performance of an act which the law specifically enjoins as a duty resulting from the office or trust. This remedy may not be invoked to control discretion, or to enforce a right which is in substantial dispute. (*Lauber v. Firemen's Relief Assn. of Salina*, 195 Kan. 126, 402 P. 2d 817; *Gray v. Jenkins*, 183 Kan. 251, 326 P. 2d 319; *State, ex rel. v. Shanahan*, 173 Kan. 403, 246 P. 2d 305.)

A construction of the statute relating to the issuance of beer licenses and renewal licenses becomes necessary in order to determine the nature of the duty to issue the same imposed upon a board of county commissioners.

The lower court dismissed the petition upon the argument put

forth by the county board that K. S. A. 41-2701, *et seq.*, conferred upon the functioning officers the final discretion and authority to determine the persons who are to receive a renewal beer license for sale and consumption on the premises.

The appellant argues that the county board has no discretion in the matter and must approve the application for a renewal beer license under this statute since applicant is a qualified person and since no objection to the renewal was filed by the township board.

Both parties interpret and partially rely upon the authority stated in the cases of *Lindquist v. City of Lindsborg,* 165 Kan. 212, 193 P. 2d 180; and *Horyna v. Board of County Commissioners,* 194 Kan. 445, 399 P. 2d 844.

The *Lindquist* case was handed down under the provisions of the Cereal Malt Beverage Act as it appeared in G. S. 1947 Supp. 21-2701, *et seq.* This court held under the statute as it then existed that the issuance of a renewal license by the city was discretionary and the issuing authority might grant or deny the renewal of a beer license in accordance with the exercise of its own honest judgment and discretion. In construing the provisions of the former act it was noted that the statute contained words which indicated the exercise of judgment and discretion on the part of the issuing authority such as "shall have the right to issue a license" as this appeared in section 2 of the act, and "if they approve the same" as this appeared in section 3 of the act. In *Lindquist* the applicant had held a license issued by the city from 1938 to 1947. She urged that the denial of a renewal license was a violation of her constitutional rights in the business in which she had invested so much time and money. She further argued that such a decision was not right for it would result in local option. In the next to the last sentence of the opinion this court said, "If that be true it is the concern of the legislature and not of the courts." The *Lindquist* opinion was filed May 8, 1948. In the 1949 session the Kansas Legislature made it their concern and amended the Cereal Malt Beverage Act to read substantially as it now appears in K. S. A. 41-2701, *et seq.*

Prior to the 1949 amendment the act made no distinction between applications for renewal licenses and those for original licenses. The 1949 amendment added the provisions relating to renewal as they now appear in K. S. A. 41-2702.

For the purpose of comparing the *Cereal Malt Beverage Act* as it appeared prior to and after the *Lindquist* case we set out be-

low the changes and additions made in this statute by the legislature after the *Lindquist* case was handed down. The additions to this act are indicated by words underlined and as found in K. S. A. 41-2702, *et seq.*, and those words removed from G. S. 1947 Supp. 21-2702, *et seq.*, are indicated by those words through which a line is drawn.

"(~~21-2702~~) 41-2702. No person shall sell any cereal malt beverage at retail without having first secured a license for each place of business as herein provided. In case such place of business is located within the corporate limits of a city then the application for license shall be made to the governing body of such city. In all other cases the application for license shall be made to the board of county commissioners in the county in which such place of business is to be located, except that the application for license to sell on railway cars shall be made to the ~~department of inspection and registration~~ director of revenue of the state commission of revenue and taxation as hereinafter provided. The board of county commissioners in any county shall not issue a license without giving the clerk of the township board in the township where the applicant desires to locate, written notice by registered mail, of the filing of said application. If said township board files no written objection to the granting of said license within ten (10) days after the mailing of said notice, then said license may be granted by said board of county commissioners, but if the township board files a written statement of objection to the granting of said license, the same shall not be granted: *Provided,* That if such license be granted and issued said board of county commissioners shall grant and issue renewals thereof upon application of the license holder, if he be qualified to receive the same and unless such license be revoked as provided by law: *And provided further,* That said board of county commissioners shall notify the township board of all applications for renewals and said township board may within ten (10) days file advisory recommendations as to the renewal of such licenses or the refusal thereof with said board of county commissioners and such advisory recommendations shall be considered by said board of county commissioners before any such renewal is granted. The application shall be verified and upon a form prepared by the attorney general of the state and shall contain: . . ."

The original act and the act as amended continues in identical words setting forth the required statements to be included in the application, the amount of fees to be charged and the disposition of fees, then the act and the amendment continue as follows in the final paragraph of K. S. A. 41-2702:

"The board of county commissioners of the several counties or the governing body of a city shall ~~have the right to~~ issue a license upon application duly made as otherwise provided for herein, to any person engaged in business in said county or city and qualified to receive said license, to sell only at retail cereal malt beverages in original and ~~unbroken case lots~~ unopened containers, and not for consumption on the premises . . ."

"(~~21-2703~~) 41-2703. After examination of the application, the board of county commissioners ~~the governing body of a city, or the department of inspection and registration~~ or the director of revenue shall, if they approve the same, issue a license to the applicant. The governing body of the city shall, if the applicant is qualified as provided by law, issue a license to said applicant. No license shall be issued to: . . ."

Thereafter both the prior act and the act as amended set forth the persons and firms prohibited from holding a license.

K. S. A. 1965 Supp. 41-2708 (formerly G. S. 1947 Supp. 21-2706) provides a procedure for securing revocation of beer licenses upon a five day notice by the issuing authority, sets forth the grounds therefor and provides procedure for appeal to the district court. Twelve specific grounds for revocation are set forth in the statute as it now exists. The wording of the two acts is identical except the twelfth ground for revocation has been added prohibiting the sale, possession, use or consumption of alcoholic liquor upon the premises.

We note that the legislature made these significant changes. In the body of the act two complete provisions relating to *"renewal licenses"* were added. While the portion of the original act relating to the issuance of an original license remains largely unchanged, the provisions relating to renewal licenses differ greatly in wording. When an application for *"original license"* is filed the *"license may be granted"* by the county board, but if *"written objection"* is filed by the township the license *"shall not be granted."* In event of

filing application for a *"renewal license"* the county board *"shall grant and issue"* if the applicant is qualified and his license unrevoked. The township board *"may file advisory recommendations"* which shall be considered *"before the renewal is granted."* Although the last paragraph of K. S. A. 41-2702 relates to sale of beer in unopened containers and does not apply to the present case the legislature did change the wording from the permissive to the imperative by striking the words *"have a right to."* Referring to K. S. A. 41-2703 we note that general statements on issuance of a license by the board of county commissioners remain the same, but the provision for issuance by the governing body of a city was placed in a separate sentence and changed to the more imperative statement *"shall, if the applicant is qualified as provided by law, issue a license"* by removing the words *"if they approve the same."*

The *Lindquist* case is helpful in understanding the history behind the present law, and as an aid in arriving at the proper construction to be placed upon the prior law. The historical background and changes made in the statute may be considered by this court in determining legislative intent. (*Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P. 2d 373; *Johnson v. Hensley,* 150 Kan. 96, 102, 90 P. 2d 1088.) However, the *Lindquist* case is not controlling authority on the question of whether the issuance of a renewal license under K. S. A. 41-2702 is a clearly defined duty of the county board resulting from the office held by the board, for the case was decided under a prior law.

The case of *Horyna v. Board of County Commissioners,* supra, arose under our present statute. The application considered in that case was for the issuance of an *original license* to sell *packaged beer not for consumption on the premises.* It should be noted that the controversy was over the original issuance of a license and did not concern a renewal. It involved a license to sell packaged beer in original and unbroken case lots. The township board filed a written objection to the issuance of the license, while in our present case no objection was filed by the township board.

In *Horyna* this court held that discretion to grant or to deny a beer license for sale in original containers was left up to the township board of the township in which the applicant's business is located, and that the board of county commissioners had no authority or discretion when the application is for sale at retail in original and unopened containers. If the township board files a written

statement of objection to the granting of the license the county board must deny the same. If the township board files no written objection the county board must issue such license.

The above case is also helpful in arriving at a better understanding of the over all reach of this statute but it did not decide the question posed by the facts of the present case. The legislature may remove the right of discretion from the county board to issue a license for the sale of beer in unopened containers and place that discretion solely in the township board. However, it does not automatically follow that other changes in this law effect a similar change making mandatory the issuance of renewal licenses for the sale of beer for consumption on the premises.

Under the provisions of the Cereal Malt Beverage Act passed by the legislature in 1937 the functioning officers issuing beer licenses had the power and discretion to withhold issuance of any license whether it be an original or a renewal license. (*Johnson v. Reno County Comm'rs*, 147 Kan. 211, 75 P. 2d 849; *Lindquist v. City of Lindsborg*, supra.) The present law passed in 1949 has not been construed as to the issuance of renewal licenses for sale and consumption on the premises. The *Horyna* case relates only to the issuance of an original license for the sale of beer in unopened containers as such issuance is authorized under the last paragraph of K. S. A. 41-2702 and as otherwise provided for in the act.

The appellee points out that when the provisions relating to renewal licenses were added in 1949 the provision that the county board *shall grant and issue renewals* upon application of a license holder was coupled with the second provision directing notice to be given to the township board and authorizing said board to file *advisory recommendations* as to the renewal or the refusal thereof which advisory recommendations *shall be considered* by the county board *before any renewal is granted.* It states that the use of the word *"shall"* does not remove all discretion from the authorized authority. This statement is generally correct. The use of the word *"shall"* in various statutes has been considered in arriving at a proper construction of a statute, and the use of the word *"shall"* does not prevent a statute from being construed as requiring a discretionary act. (*Bock v. Stack*, 132 Kan. 533, 296 Pac. 357; *Rockwell v. Junction City*, 92 Kan. 513, 141 Pac. 299.)

It is elementary that the construction to be placed upon any statute must be determined after considering the entire act in order

to determine, if possible, the legislative intent and the proper construction to be placed thereon. The provisions of any statute so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and, not as a new enactment. (K. S. A. 77-201, *First.*)

But when the legislature revises a prior existing law it will be presumed that the legislature intended to make some change in the law as it existed prior to the amendment. In the case of *State, ex rel., v. Richardson,* 174 Kan. 382, 256 P. 2d 135, at page 386, this court said:

"We will presume that the legislature in revising the mentioned statute intended to make some change in the existing law and we will, therefore, give effect to the amendment. A change in phraseology or a deleting of a phrase of the original act raises a presumption that the change of meaning was also intended. . . ."

Any other construction would mean the legislature accomplished nothing by its revision. We must assume that a revision of a prior law was intended to supply some want and to fill some deficiency in existing legislation. (*City of Emporia v. Norton,* 16 Kan. 236; *Brown v. Illinois Bankers Life Assur. Co.,* 144 Kan. 670, 63 P. 2d 165; *State, ex rel., v. Richardson,* supra.)

It would appear, as previously pointed out herein, that the *Lindquist* case precipitated the revision of the prior law regarding the issuance of renewal beer licenses as presently set forth in K. S. A. 41-2702, and the resulting legislation placed additional limitations on the right of the issuing authorities to deny renewal beer licenses for sale and consumption on the premises. The qualifications for obtaining a license are specifically spelled out in the statute. These qualifications are for the protection of the authorities and the public. The act requires each applicant for license to allege under oath that he meets these qualifications before a license is issued to him. The legislature has further protected the issuing authorities and the public by setting forth in the act specific procedures for revocation of a license when one of the enumerated grounds exists.

The statute as it existed prior to revision gave the county board discretion to grant or to refuse a beer license for consumption on the premises. This discretion to grant was limited only by objection if filed by the proper township board. No distinction was made in the prior act as to renewal licenses. If the argument of the county board is sound the board continues to have the same discretion as to applications for renewal licenses as it had under

the statute as it existed prior to revision. If this construction of the present statute is correct the legislature went through the form, time and expense of changing the wording of the law and added two specific provisions relating to the issuance of renewal licenses to accomplish nothing.

Appellee asks what useful purpose is served by the provision relating to renewals, notice and advisory recommendations, if the county board is required to issue a renewal license. The statutory qualifications of an applicant are set forth in the act. A township board should be acquainted with those persons operating a business within their township. If the applicant lacks any of the statutory qualifications the township board should advise the county board and no renewal license should be issued. If the applicant for renewal is a qualified person under the statute and the township board arbitrarily objects to the issuance for no reason, then the county board may issue a renewal license even though the township board files advisory recommendations against such issuance. Taken in this light the provision referred to serves its purpose.

The contention is made that it is unreasonable to deny the county board the right to refuse a renewal license under the facts of this case for it would result in giving any license holder a life-time privilege. There are at least two reasons why this would not follow. The qualifications for holding a license have been spelled out in detail in K. S. A. 41-2703. These qualifications include requirements as to residence, citizenship, good character and reputation in the community, and the applicant is not entitled to a license if convicted of any crime involving moral turpitude, drunkenness, and drunken driving. The statute K. S. A. 41-2702 requires an applicant to file a verified application showing that he meets the qualifications. The second reason why the issuance of the original license would not grant a lifetime privilege is found in K. S. A. 1965 Supp. 41-2708, which is the provision for revocation of beer licenses. In any case where the interests of the community dictate, proper procedures for revocation should be followed by the authorities and the license revoked in accordance with this section of the act.

We hold that a board of county commissioners must issue the renewal license under K. S. A. 41-2702 when no objection is filed by a township board and the applicant is a qualified person under the act.

The judgment is reversed.