No. 44,113

Peter J. Lauber, *Appellant,* v. The Firemen's Relief Association of Salina, a Corporation; J. E. Travis, president of said corporation; Edwin C. Bross, vice-president of said corporation; Charles W. McCabe, secretary of said corporation; Leonard L. Todd, treasurer of said corporation; Jack H. Gray, Gordon A. Nichols, Hobart J. McCabe, Laverne A. Brockway and Lawrence R. Tinkler, the directors of said corporation, *Appellees.*

(402 P. 2d 817)

Opinion filed June 12, 1965.

D. E. *Watson,* of Salina, argued the cause and was on the brief for appellant.

L. O. *Bengtson,* of Salina, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

Price, J.: Plaintiff has appealed from an order dismissing his action for an order of mandamus.

Highly summarized, the background of the matter—as alleged in the petition—is this:

Plaintiff, a former member of the fire department of the city of Salina, was injured in line of duty as a result of which he became partially disabled. At all times in question city ordinances substantially identical to the provisions of K. S. A. 40-1707 were in full force and effect. Defendant corporation, through its officers, in recognition of its liability to plaintiff for his injuries, paid plaintiff's hospital and doctor bills. On April 15, 1964, plaintiff caused to be served on defendants a—"Demand for Payment of Loss Due to Injuries

and Physical Disability Sustained while Discharging Duties as a Fireman."

The demand set forth the facts of the injury, that plaintiff had been discharged as a fireman, and made claim for loss of past wages together with payment for the future on a 15% partial disability life expectancy basis. The demand totaled $27,933.91. The petition further alleged that plaintiff waited for more than thirty days for defendant corporation and its officers to comply with his demand, but that they failed and refused to do so. This action was brought shortly thereafter. The prayer of the petition was that the court

". . . award against said defendants an order of mandamus, commanding them to pay to plaintiff his said loss so caused by his said injury and his said physical disability from the funds in the possession of defendant, The Firemen's Relief Association of Salina, a corporation in the sum of $27,-933.91, . . ."

together with a reasonable attorney's fee, and for equitable relief.

Defendants filed a motion to dismiss the action on the ground the petition failed to state a claim against them upon which the relief sought could be granted for the reasons that defendant corporation had paid all medical expenses which plaintiff was obligated to pay as a result of his injury, that defendant corporation had paid on behalf of plaintiff 85% of the premiums on health and accident policies carried by plaintiff while a member of the fire department, and that payment of benefits under the provisions of K. S. A. 40-1707 and the city ordinances is discretionary with the governing body of defendant corporation.

In sustaining the motion to dismiss the trial court noted that plaintiff was asking the court to direct the Firemen's Relief Association of Salina to pay plaintiff from its funds the lump sum of $27,933.91, and ruled—

"Before the court can issue a writ of mandamus it must find a clear legal right has been violated and that the acts of the defendants were arbitrary.

"This court has no authority to direct the payment of $27,933.91 as prayed for, and the motion is hereby sustained August 17, 1964."

Plaintiff has appealed from the order of the dismissal and contends (1) that defendants act only in a ministerial capacity and thus are compelled, but refused, to pay him; (2) that he has no plain and adequate remedy at law but does have a clear legal right to the relief sought, and (3) this court has jurisdiction to award him the amount prayed for in his petition.

Defendants, on the other hand, citing rules applicable to mandamus, contend that under the provisions of K. S. A. 40-1707 and the corresponding ordinances of the city of Salina, all monies collected and received by the Firemen's Relief Association shall be held in trust and used as a fund for relief of any member of the fire department when injured or physically disabled; for the relief or in payment of gratuities to the widow or those dependent on any member; for the payment of the necessary funeral expenses of any member; or for the further purpose of paying a pension to members, or for the purchase of insurance which would provide for any and all of the foregoing purposes for which such fund is authorized. It is argued that while the duty to hold the funds in trust is mandatory —the association is given discretion to determine for which of the specific purposes enumerated the funds are to be used and the respective amounts thereof, and that in the exercise of such discretion it had purchased insurance providing hospitalization, surgical and disability benefits for the members—including plaintiff. Defendants further contend that if plaintiff is correct in the assertion of his demand, then it must naturally follow that any time a member of the association is injured the association must pay such member his demands made upon it regardless of the reasonableness, method of computation of damages or legitimacy of the demand—thus bringing about a result contrary to the obvious spirit and intent of the statute and corresponding ordinances.

With respect to the substantive law of mandamus the provision of the new code of civil procedure is substantially identical to that (G. S. 1949, 60-1701) of the old code, and former decisions are equally applicable. K. S. A. 60-801, reads:

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

It has uniformly been held that the remedy of mandamus is available only for the purpose of compelling the performance of a clearly defined duty; that its purpose is to require one to whom the writ or order is issued to perform some act which the law specifically enjoins as a duty resulting from an office, trust, or station; that mandamus may not be invoked to control discretion and neither does it lie to enforce a right which is in substantial dispute, and further, that resort to the remedy may be had only when

the party invoking it is clearly entitled to the order which he seeks. (*Drainage District v. Wyandotte County et al,* 117 Kan. 369, 232 Pac. 266, *Gray v. Jenkins,* 183 Kan. 251, 254, 326 P. 2d 319.)

At the oral argument of this appeal counsel for plaintiff stated that to date he had been unable to ascertain the "status of things" with respect to plaintiff's "demand." Be that as it may, the record does not show that plaintiff had requested a hearing or that a hearing had been denied to him. His petition merely alleges that he waited for more than thirty days for payment of his demand and that defendants have refused to pay it. If in fact and in law he is entitled to receive more than what already has been paid by defendants in his behalf, we have no doubt that the matter will be adjusted and that upon proper request his rights will be fully explained to him.

The question here, however, is whether plaintiff is entitled to an order compelling defendants to pay the amount of his demand—$27,933.91, together with interest, costs and attorney's fee. We agree with the trial court that before an order of mandamus may be issued it must be found that a clear legal right has been violated. The record does not show that plaintiff is clearly entitled to the order which he seeks. Mandamus lies only to enforce a right in a clear-cut case. The order dismissing the action was correct and is affirmed.