57,309

JAMES BAGBY, *et al., Appellees,* v. GARY RAYL, *et al., Appellants,* and JERRY WAYNE SMITH, *et al., Appellees,* v. GARY RAYL, *et al., Appellants.*

(699 P.2d 521)

Opinion filed May 10, 1985.

*Charles E. Simmons,* chief legal counsel of the Department of Corrections, of Topeka, was on the brief for appellants.

*Jerry Wayne Smith* was on the briefs pro se for appellees.

The opinion of the court was delivered by

HOLMES, J.: The defendants, all officials of the state penitentiary at Lansing, appeal from an order of mandamus issued by the district court requiring them to allow inmates to use the prison law library for one hour in the afternoon and one hour in the evening Monday through Friday of each week. All of the named defendants were, at the time these actions were originally filed in the district court, officials at the Kansas State Penitentiary (KSP). Plaintiffs, inmates of the institution, have appeared pro se throughout all of the proceedings.

The plaintiffs in two separate actions filed complaints in the Leavenworth district court against the director of the KSP and other prison officials, seeking declaratory and injunctive relief, as well as damages, for defendants' alleged denial of plaintiffs' due process and equal protection rights. The two actions were apparently consolidated at the trial level and remain so on appeal. Both complaints attack the administration of and the physical living conditions at the KSP. Among other things the defendants are charged with interfering with the mails; misappropriation of prisoners' funds and property; forcing plaintiffs to live under unsafe and intolerable living conditions; and failing to

provide adequate medical care, recreation facilities, cell space, and food.

During one of the hearings in the district court, plaintiffs filed a "Motion for Instant Mandamus and Restraining Order" alleging defendants were denying them access to both the law library and two "jailhouse lawyers" who are also plaintiffs. They also alleged the KSP officials had reneged upon an agreement as to the plaintiffs' use of the law library. Plaintiffs sought access to the library from 12:30 p.m. to 8:30 p.m. daily, except weekends.

Defendants' attorney was provided a copy of the motion only shortly before the hearing during which it was to be considered. He objected to any relief for plaintiffs, arguing it would be "an unjust and unwarranted involvement in internal management affairs of the institution." His request he be allowed an opportunity to present evidence was denied by the judge on the ground it would "just delay things." The judge then ruled inmates should be allowed access to the law library "at reasonable hours, subject, of course, to possible security." He then modified plaintiffs' requested order to read:

"The defendants will allow inmates Arthur N. Murley and Jerry Wayne Smith, and all plaintiffs, access to the Kansas State Penitentiary Law Library Monday through Friday of each week, for an hour in the afternoon and an hour in the evening and to be entitled to interview their prospective witnesses during that time."

That order is now the subject of this appeal. The issues are whether an order in mandamus was a proper remedy for plaintiffs' claims, and if so, whether it properly issued on the facts before the lower court.

At the outset we recognize that the right of prisoners to have access to the courts is a constitutional right. One element of that right is access to a law library or alternative sources of legal knowledge. *Bounds v. Smith,* 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct. 1491 (1977).

We reviewed the basic principles governing mandamus in *Arney v. Director, Kansas State Penitentiary,* 234 Kan. 257, 671 P.2d 559 (1983):

"K.S.A. 60-801 defines mandamus as a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." Syl. ¶ 1.

"It has uniformly been held that the remedy of mandamus is available only for

the purpose of compelling the performance of a clearly defined duty; that its purpose is to require one to whom the writ or order is issued to perform some act which the law specifically enjoins as a duty resulting from an office, trust, or station; that mandamus may not be invoked to control discretion and neither does it lie to enforce a right which is in substantial dispute, and further, that resort to the remedy may be had only when the party invoking it is clearly entitled to the order which he seeks. (Following *Lauber v. Firemen's Relief Assn of Salina,* 195 Kan. 126, 402 P.2d 817 [1965].)" Syl. ¶ 2.

"The only acts of public functionaries which the courts ever attempt to control by either injunction or mandamus are such acts only as are in their nature strictly ministerial; and a ministerial act is one which a public officer or agent is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed. (Following *Martin, Governor v. Ingham,* 38 Kan. 641, 17 Pac. 162 [1888].)" Syl. ¶ 3.

See also *State ex rel. Stephan v. O'Keefe,* 235 Kan. 1022, 686 P.2d 171, *cert. denied* _____ U.S. _____, 105 S.Ct. 596 (1984).

The statutory duties of a director of a Kansas correctional institution make no specific requirement that a law library be maintained for prisoners' use. K.S.A. ·75-5252. However, the rules and regulations adopted by the Department of Corrections do require such a facility. K.A.R. 44-12-701. It is clear that the statutes do not specify any duty to provide a certain number of hours during which a prisoner may have access to the library or the times thereof. The management and control of the use of the library and other means of access to the courts is left to the discretion of the officials at each prison facility. *Johnson v. Avery,* 393 U.S. 483, 21 L.Ed.2d 718, 89 S.Ct. 747 (1969); *Twyman v. Crisp,* 584 F.2d 352 (10th Cir. 1978). Thus, there appears to be no clearly defined statutory duty as to the hours of access granted each prisoner which would support mandamus.

It is equally clear that under Bounds the constitutional right of meaningful access to the courts mandates some reasonable access to a library facility absent alternative sources of legal knowledge. Have the plaintiffs' constitutional rights been denied to the extent that mandamus is a proper remedy? We do not know. In order to determine whether the defendants were under a duty by operation of law to provide additional access to the library facilities, it would be necessary to hold a hearing to determine the extent of any other existing means of access to the courts. The trial court's summary disposition of plaintiffs' motion without allowing defendants the opportunity to present any

evidence precludes any meaningful review as to whether the order of the trial court was required by Bounds and its progeny. The defendants were denied the opportunity to present evidence which might show no violation of the plaintiffs' constitutional rights of access to the courts. On the record before us we cannot say the order was proper or that there was any breach of a clearly defined duty, statutory or otherwise, on the part of the defendants. The trial court abused its discretion in ordering mandamus without granting defendants an opportunity to present evidence and be heard upon the issue.

The judgment is reversed and the case is remanded with directions to set aside the order of mandamus.