No. 68,796

DONALD C. LONG, *Plaintiff*, and OWEN SULLY, SHERIFF OF WY-
ANDOTTE COUNTY, KANSAS, *Intervenor/Appellant*, v. THE
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WY-
ANDOTTE, KANSAS; FRANK A. LIPOVITZ, KAY NIES, and VERDIS
J. ROBINSON, *Defendants/Appellees*.

(864 P.2d 724)

Opinion
filed December 10, 1993.

*Gerald C. Golden,* of Kansas City, argued the cause, and *O.P. Peterson, Jr.,* of Kansas City, was with him on the brief for the appellant.

*R. Wayne Lampson,* county counselor, argued the cause and was on the brief for the appellees.

The opinion was delivered by

ABBOTT, J.: This is a mandamus action requesting that the Board of Wyandotte County Commissioners (Board) be ordered to pay attorney fees to Donald C. Long for his representation of the Wyandotte County Sheriff, Owen Sully. The trial court dismissed the mandamus action, and the Sheriff appeals. The appeal was transferred to this court pursuant to K.S.A. 20-3017.

This action is directly related to a federal court case dating back to the mid-1980s involving the adequacy of the Wyandotte County jail. The trial judge and counsel for both parties were obviously familiar with the federal case and the dispute leading to this mandamus action. We are not.

The record before us consists of 49 pages of pleadings, trial briefs, and the trial court decision. Included in those 49 pages is a one-page affidavit of Donald C. Long that states the Sheriff hired him because of an apparent conflict of interest between the Board and the Sheriff and that the Sheriff had approved his bills and the Board refused to pay them. Other than mentioning pleadings filed in the federal court, the affidavit gives no dates concerning the employment and when and what work was performed.

Nine of the 49 pages deal with Long entering his appearance in the federal court case on behalf of Sheriff Sully and the 1989 substitution of newly elected county officials for former county officials. Nothing of substance concerning the federal court case is in the record. Sully did file three orders of the federal court with this court the week before oral argument and requested that they be added to the appendix to his brief. The orders were not before the trial court and are not part of the record on appeal.

The briefs are replete with statements of fact that are not keyed to the record (there is no factual record to key to) and that part of the brief which is keyed to the record refers to the pleadings, trial briefs, and trial court opinion.

With that background, we move to the procedural history and the parties' representation of the facts.

In the mid-1980s, the Sheriff of Wyandotte County and the Board of Wyandotte County Commissioners were named as defendants in the United States District Court for the District of Kansas in case No. 85-3049-S (*Woodson v. The Board of County Commissioners of Wyandotte County*). The *Woodson* case concerned allegations that the Wyandotte County jail was being operated in violation of the prisoners' constitutional rights.

The Board employed outside counsel to represent both the Sheriff and the Board in that action. In 1987, a consent decree was entered whereby, among other things, the Board agreed to build a new jail and the jail was to be operated in compliance with national standards. The consent decree apparently provided that after the new jail was completed and operated pursuant to the consent decree for one year, the *Woodson* case would be dismissed. The new jail was completed and apparently problems occurred which were of sufficient magnitude that no effort was made to dismiss the *Woodson* case. The *Woodson* case appears to have remained dormant until sometime in 1992.

In 1991 or early 1992, the Board hired a consultant and, according to the Sheriff's brief, the following occurred: A report was received by the Board and furnished to the Sheriff for his response in February 1992. The Sheriff verbally objected to the recommendations in the report. The Board had the consultant meet with the Sheriff to "discuss the Sheriff's concerns." It does not appear the Sheriff thereafter met with the Board.

At that point, the Sheriff wrote the following letter to the County Counselor of Wyandotte County:

"In light of yesterday's report by the consultants hired by the commissioners I am requesting that Don Long be appointed special counsel to me. I no longer feel that my interests in *Woodson v. Quinn* can best be represented by current counsel.

"The irresponsible accusations made by the consultants have placed the Sheriff and the County in a precarious position in this case. I feel that the plaintiffs are going to land all of us back in court and a master appointed that will dictate to us all.

"I have every intention of defending myself against this scurrilous attack against my integrity."

The Board did not formally respond to the letter and the Sheriff hired Long as his attorney. On March 3, 1992, the Board adopted by resolution an "Action Plan" implementing the consultant's rec-

ommended action. The Sheriff then had Long file for an injunction in the federal court case. The Sheriff and the Board then negotiated the various issues and the Sheriff agreed to withdraw the motion for an injunction.

The Board refused to pay Long's fees and on May 21, 1992, Long filed a mandamus action requesting the trial court to order the Board to pay the legal bill as approved by the Sheriff. The Board answered alleging it had and has no contract with Long and had not authorized the Sheriff to enter into an agreement with Long. The Board also filed a motion to dismiss the mandamus action.

The Sheriff then filed a motion to intervene, stating:

"COMES NOW, Owen L. Sully, the acting Sheriff of Wyandotte County, Kansas, and in support of his Motion for leave to intervene in the above captioned matter states:

"1. That Movant is the elected and qualified Sheriff of Wyandotte County, Kansas, and is engaged in the functions as directed, defined and permitted by law. That his mailing address is 710 North 7th Street, Kansas City, Kansas 66101.

"2. Movant seeks to intervene in the captioned matter pursuant to K.S.A. 60-224(b).

"3. Movant believes that he is entitled to intervene in this proceeding by virtue of K.S.A. 60-224(b) in Plaintiff's action and Movant's claim and interest in this matter such that if he is not allowed to intervene that the adjudication of the rights of the Plaintiff may be prejudice[d].

"4. Movant is unable to state with particularity and definitiveness what, if any, affirmative relief he will seek or is entitled to seek herein, but wishes to be permitted to intervene so that he may, if necessary, request such relief as he may be, by law entitled to receive.

"WHEREFORE, Owen L. Sully moves the Court for an order granting him leave to intervene in this proceeding as a party in interest."

Although the record does not clearly indicate, it is obvious the Sheriff was permitted to intervene.

The trial court then considered the Board's motion to dismiss and held that "no specific duty imposed by law exists for defendants to perform, thus plaintiff's request for relief is not controlled by mandamus." The trial court's decision was based on a finding that the Board never approved or authorized any employment arrangement between the Sheriff and Long and the trial court's conclusion that there is no statutory authority permitting the

Sheriff to hire an attorney at county expense. K.S.A. 19-212; K.S.A. 19-229.

The Sheriff then filed a motion for rehearing and apparently for the first time contended he had inadvertently failed to include in the petition to intervene that attorney fees were authorized under K.S.A. 75-6108(a) and (d).

The trial court denied the motion for rehearing, reasoning that (1) the Board had already furnished the Sheriff an attorney in the federal court case and (2) the Sheriff's petition alleges a dispute between the Sheriff and the Board—not a claim by a third party as contemplated by K.S.A. 75-6108. The trial court also said:

"Note is taken of the language in K.S.A. 75-6108(c)(3) in regard to a governmental entity's right to refuse a defense if a conflict of interest between the governmental entity and employee exists as determined by the governmental entity.

"Given the circumstances herein existing, there is no statutory authority permitting the Sheriff to hire an attorney at county expense and an action for a mandamus as defined by K.S.A. 60-801 is not proper procedure."

The Sheriff appealed. Long did not appeal. The Board does not question the right of the Sheriff to enforce a claim of a third person against the Board by mandamus.

The Sheriff recognizes the general law concerning mandamus actions. Mandamus actions are authorized by K.S.A. 60-801.

K.S.A. 60-801 provides that "[m]andamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

"This court has consistently recognized that mandamus is a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business, notwithstanding the fact that another adequate remedy at law exists. [Citations omitted.]

. . . .

". . . Issuance of the writ is discretionary with the court and a writ should not issue unless a respondent's legal duty is clear. [Citation omitted.] Mandamus is not available to require performance of an act that involves the exercise of discretion by the public official. This court has stated that 'mandamus may not be invoked to control discretion and neither does it lie to enforce a right which is in substantial dispute, and further, that resort to

the remedy may be had only when the party invoking it is clearly entitled to the order which he seeks.' [Citation omitted.] The only acts of public officials that the courts can control by mandamus are those strictly ministerial, meaning the public officer or agent is required to perform based upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion about the propriety or impropriety of the act to be performed. [Citation omitted.]" *State ex rel. Stephan v. Kansas Racing Comm'n,* 246 Kan. 708, 716-17, 792 P.2d 971 (1990).

The Sheriff argues this case falls into an exception that, if a mandamus action seeks an interpretation of the law to guide public officials in their administration of public business, courts will consider the mandamus action notwithstanding that there also exists an adequate remedy at law, citing *State ex rel. Stephan v. Kansas Racing Comm'n,* 246 Kan. 708.

That statement, while correct, is not complete. Courts will not accept jurisdiction of a mandamus action simply to give guidance to a public official or to settle disputes between public officials. It is only where an issue of law affects public officials, presents an issue of great public importance and significant State interest, and requires a speedy adjudication that mandamus is an appropriate and proper means to decide the issue.

Here, the Sheriff and his attorney clearly have an adequate remedy at law to decide the issue of whether the Board is liable for Donald C. Long's attorney fees and expenses incurred in representing the Sheriff and, if so, in what amount. Thus, the question is whether this is an issue of law affecting public officials and of great public importance and significant State interest so as to justify a mandamus action even though an adequate remedy at law exists.

Here, we are dealing with a unique set of facts in a case that is fact driven. The Sheriff's argument is that the consent decree of 1987 was pending and he is a named defendant therein along with the Board and that the Board had hired an independent counsel to represent the joint interests of the Sheriff and the Board. From there, his argument is that K.S.A. 75-6108(a) requires that he be furnished a defense. He requested alternate counsel when he believed a conflict of interest had developed between himself and the Board and, when the Board failed or refused to hire separate counsel, he hired his own, allegedly

pursuant to K.S.A. 75-6108(c). He then argues K.S.A. 75-6108(d) provides that an employee who is not provided a defense may recover from the governmental entity reasonable attorney fees, costs, and expenses and that the employee may petition a court of competent jurisdiction to compel the governmental entity or the governing body or an employee thereof to perform the duties imposed in that section. From that, the Sheriff argues this mandamus action is "within the Court's power to direct payment of the approved bills since this action was strictly a nondiscretionary duty."

The parties have settled their differences concerning the dispute that caused the conflict. The dispute as we see it has now transformed itself into a question of whether attorney fees are owed and, if so, the amount due and owing. That question does not have significant State interest and is not of great public interest and, to some extent, involves disputed questions of fact. For instance, the Board had employed counsel to represent the Sheriff. At some point, a conflict arose between the Sheriff and the Board. Whether that dispute required separate counsel in the federal court and, if so, at what point is a fact question. The question of reasonableness of attorney fees is also a factual issue. Assuming the Sheriff, at some point, was entitled to employ counsel under K.S.A. 75-6108(d), he was not given a blank check; thus, the fact the Sheriff approved the attorney fee bills does not bind the Board. If liable, the Board's responsibility is to pay "reasonable attorney fees, costs and expenses as are necessarily incurred in defending the action or proceeding." This would not include battles over "turf" that do not have a direct relationship to defending the action against the public employee. We also note the mandamus action filed by Long requests $23,088.25 and the mandamus petition attached to the Sheriff's motion to intervene requests $39,399.75. Thus, considerable factual issues exist, and there can be no clear duty to pay the bill.

The trial court did not err in dismissing the mandamus action. Having so held, the Sheriff's other arguments are moot.

Affirmed.