(899 P.2d 509)
No. 72,595

In the Matter of D.J.K.,
A Child Under the Age of 18 Years.

Opinion filed July 21, 1995.

*Barbara J. Steele,* of Kansas Department of Social and Rehabilitation Services, of Olathe, for appellant.

*John C. Fritz,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before PIERRON, P.J., ELLIOTT, J., and RICHARD W. WAHL, District Judge, assigned.

ELLIOTT, J.: The Secretary of the Kansas Department of Social and Rehabilitation Services (SRS) appeals the trial court's order that it pay for a program for a juvenile offender.

We reverse.

D.J.K., a juvenile, was charged with four criminal counts and entered a diversion program. After D.J.K. subsequently committed another criminal act, the district court revoked his diversion and placed him on probation, with his mother retaining custody.

D.J.K. violated probation and the State sought revocation; instead, the trial court extended probation with the additional condition that he enter the ACCESS program (a day-reporting program for juvenile offenders).

The State informed the trial court that D.J.K.'s parents could not afford ACCESS. The court then ordered D.J.K. into SRS custody, placed him with his father, and ordered him to begin ACCESS immediately.

SRS appeals.

We hold the trial court exceeded its statutory authority by first ordering custody of D.J.K. to SRS and then ordering "placement" with his father. Since this is a question of statutory interpretation, our review is plenary. See *Kelly v. Primeline Advisory, Inc.*, 256 Kan. 978, 992, 889 P.2d 130 (1995).

K.S.A. 38-1664(a) provides that when a juvenile offender is placed in the custody of SRS, the court has no power to direct a specific placement by SRS, but may make recommendations for placement to SRS. See *In re C.C.*, 19 Kan. App. 2d 906, Syl. ¶ 2, 878 P.2d 865 (1994).

As we read the statutes and *In re C.C.*, "placing" a child and "placing a child in custody" are not interchangeable. K.S.A. 38-1664(a) appears to treat the two phrases as separate and distinct actions: "When a juvenile offender has been *placed in the custody* of [SRS], . . . [t]he court shall have no power to direct a specific *placement* by [SRS]."

As a result of our analysis, the placement of D.J.K. with his father was beyond the court's statutory authority; custody remains with SRS. SRS has the authority to direct placement of D.J.K.

SRS next argues that even if D.J.K. remains in the custody of SRS, the trial court erred by awarding custody to SRS for the sole purpose of effecting payment for the ACCESS program. We agree.

No one claims the trial court specifically ordered SRS to pay for D.J.K.'s ACCESS program, but at oral argument the parties agreed the sole reason for the State's request for a review hearing was that SRS denied the request for financial assistance for the program.

We hold that the trial court at least impliedly ordered SRS to pay for D.J.K. to attend the ACCESS program and further hold that order is contrary to K.S.A. 38-1616.

*In re C.C.* holds that a court may not order SRS to pay for services for a child who is not in SRS custody. 19 Kan. App. 2d at

910. Unfortunately, that holding does little to resolve the present issue.

The only other case we have found discussing the mandate of K.S.A. 38-1616 is *Shelter Mut. Ins. Co. v. Williams*, 248 Kan. 17, 804 P.2d 1374 (1991), where the issue was whether a court could order SRS to pay for the services of a guardian ad litem for a child in SRS custody. The court held the expense of the care and custody of a juvenile to be borne by SRS under K.S.A. 38-1616 includes things such as food, shelter, education, and ordinary medical care, but not the expense of attorney fees. 248 Kan. at 30.

Nothing in the record explains what ACCESS is other than it is a "day-reporting program." This description does not fall within any of the categories recognized in *Williams* as an expense of D.J.K.'s care and custody for which SRS would be liable under K.S.A. 38-1616.

In summary, we reverse the trial court's order placing custody of D.J.K. with the father after first ordering placement with SRS. We further reverse the trial court's implied order requiring SRS to pay for D.J.K.'s ACCESS program. And we add that SRS should consider the trial court's placement of D.J.K. with the father as a "recommendation," which it does have the statutory authority to do—since all parties at oral argument acknowledged placement with the father is most likely in D.J.K.'s best interests.

Reversed.