(933 P.2d 771)
No. 75,268

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HARVEY, KANSAS, *Appellant,* v. DONNA WHITEMAN, SECRETARY OF KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee.*

Opinion filed March 7, 1997.

*Craig D. Cox,* of Halstead, for appellant.

*Ellen G. Neufeld,* of Kansas Department of Social and Rehabilitation Services, for appellee.

Before BRAZIL, C.J., RULON, J., and GARY L. NAFZIGER, District Judge, assigned.

BRAZIL, J.: The Harvey County Board of Commissioners (County) appeals the district court's dismissal of its petition for mandamus. The petition asked the court to order the Kansas Department of Social and Rehabilitation Services (SRS) to reimburse the County for the detention expenses of E.R., a juvenile in SRS custody. We affirm.

On October 22, 1993, the State filed a juvenile complaint asking the district court to adjudge E.R. a juvenile offender. On the same day, the County signed a juvenile detention temporary placement agreement with the Reno County Youth Services (RCYS) detention

facility. The County signed a second such agreement on October 25, 1993.

On October 26, 1993, the district court held a detention hearing and found that E.R. was a danger to others and should be held in detention pending his adjudication. The court remanded E.R. to the custody of the Harvey County Sheriff for his return to RCYS. On October 28, 1993, the court held a pretrial hearing and ordered that E.R. remain in detention.

On November 1, 1993, the court entered an order changing the custody of E.R. and placing him in the temporary custody of SRS. Later that same day, the County signed another juvenile detention temporary placement agreement with RCYS. E.R. remained at RCYS until November 15, 1993, when SRS placed him elsewhere.

RCYS subsequently sent the County a bill for the cost of E.R.'s detention. RCYS charged the County $150 per day for the 14-day period between November 1 and November 15, and the County paid the charged amount. The County then requested reimbursement from SRS, but SRS refused. As grounds for its refusal, SRS cited its existing contract with RCYS, which provides that SRS shall pay $49.70 per day for detention provided to juveniles in SRS custody.

Unable to secure payment from SRS, the County filed a petition for mandamus and asked the district court to order SRS to pay for E.R.'s detention. The parties agreed to submit the matter on stipulated facts and their written briefs.

The court dismissed the County's petition, holding that mandamus was not an appropriate remedy because the County's right to collect the sought amount was in substantial dispute. The court held that the issue was not whether SRS had a legal duty to pay, but rather how much SRS must pay this particular provider in this particular instance.

K.S.A. 60-801 defines the nature of mandamus:

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

In *Long v. Board of Wyandotte County Comm'rs*, 254 Kan. 207, 864 P.2d 724 (1993), the court explained when mandamus is an appropriate remedy:

"'This court has consistently recognized that mandamus is a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business, notwithstanding the fact that another adequate remedy at law exists. [Citations omitted.]

. . . .

'. . . Issuance of the writ is discretionary with the court and a writ should not issue unless a respondent's legal duty is clear. [Citation omitted.] Mandamus is not available to require performance of an act that involves the exercise of discretion by the public official. This court has stated that "mandamus may not be invoked to control discretion and neither does it lie to enforce a right which is in substantial dispute, and further, that resort to the remedy may be had only when the party invoking it is clearly entitled to the order which he seeks." [Citation omitted.] The only acts of public officials that the courts can control by mandamus are those strictly ministerial, meaning the public officer or agent is required to perform based upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion about the propriety or impropriety of the act to be performed. [Citation omitted.]' *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 716-17, 792 P.2d 971 (1990)." 254 Kan. at 211-12.

SRS argues that mandamus is not an appropriate means to decide this case because its duty to pay the amount the County seeks is not clearly established. The County contends K.S.A. 38-1616 requires SRS to pay the full amount of E.R.'s detention expenses. That statute provides, in relevant part:

"(a) *How paid.* (1) If a juvenile alleged or adjudged to be a juvenile offender is not eligible for assistance under K.S.A. 39-709 and amendments thereto, expenses for the care and custody of the juvenile shall be paid out of the general fund of the county in which the proceedings are brought. . . .

"(2) When a law enforcement officer has taken a juvenile into custody as authorized by subsection (a) of K.S.A. 38-1624 and amendments thereto and delivered the juvenile to a person or facility, other than a juvenile detention facility, designated by the secretary or when custody of a juvenile is awarded to the secretary, *the expenses of the care and custody of the juvenile may be paid by the secretary out of the state social welfare fund,* subject to payment or reimbursement as required in subsection (b), even though the juvenile does not meet the eligibility standards of K.S.A. 39-709 and amendments thereto.

"(3) When the custody of a juvenile is awarded to the secretary of social and rehabilitation services, the expenses for the care and custody of the juvenile shall not be paid out of the county general fund." (Emphasis added.)

The question is whether K.S.A. 38-1616(a)(2) clearly imposes a legal duty upon SRS to fully reimburse the County for the detention costs of E.R., a juvenile in SRS custody. If the County's right to full reimbursement is not in substantial dispute, then mandamus is an appropriate remedy.

This court recently addressed K.S.A. 38-1616(a)(2) in *In re J.L.*, 21 Kan. App. 2d 878, 908 P.2d 629 (1995), *rev. denied* 259 Kan. 928 (1996). The court considered whether SRS was liable for the detention costs of J.L., a juvenile in its custody. The court focused on K.S.A. 38-1616(a)(2) and held that the statute "creates a liability for SRS" to pay for J.L.'s detention costs. 21 Kan. App. 2d at 883. The court interpreted the statute in conjunction with its earlier holding in *In re C.C.*, 19 Kan. App. 2d 906, 878 P.2d 865, *rev. denied* 255 Kan. 1002 (1994). In that case, the court held that K.S.A. 38-1616(a)(2) did not require SRS to pay for the expenses and care of C.C. because C.C. was not in SRS custody. See 19 Kan. App. 2d at 910.

E.R. was in SRS custody during his detention at RCYS from November 1 through November 15, the time period for which the County seeks reimbursement. According to the holding in *In re J.L.*, K.S.A. 38-1616(a)(2) creates a liability for SRS to pay the detention costs of juveniles in its custody. Therefore, SRS has a clear legal obligation to bear the cost of E.R.'s detention.

Although K.S.A. 38-1616(a)(2) requires SRS to pay the expenses of E.R.'s detention, SRS argues that it is not required to pay the amount the County seeks, $150 per day. SRS contends that pursuant to its contract with RCYS, it is only required to pay $49.70 per day for E.R.'s detention.

SRS made a similar argument in *In re J.L.* SRS argued that it was not liable for the full cost of J.L.'s detention because " 'SRS' practice of paying a less than total cost for per diem detention has been followed for many years.' " *In re J.L.*, 21 Kan. App. 2d at 883. The court rejected this claim, reasoning that because K.S.A. 38-1616(a)(2) says nothing about partial payment, SRS was liable for

the full amount. The court noted, however, that SRS had provided no authority in support of its claim. In contrast, in the present case SRS has a valid contract with the detention provider, RCYS. The case at bar is factually distinguishable from *In re J.L.* regarding whether SRS is liable for the full amount of the detention expenses.

K.S.A. 38-1616(a)(2) requires SRS to pay "the expenses of the care and custody" of a juvenile in its custody. The contract between SRS and RCYS establishes a set amount of expenses for the detention of juveniles in SRS custody. Construing the statute and the contract together, one could conclude that SRS is only liable for the amount of expenses provided by its contract with RCYS.

The County, on the other hand, argues that the "expenses" contemplated by the statute include the actual cost of the juvenile detention, in this case $150 per day. SRS and the County stipulated that SRS had not entered into any contract with the County regarding reimbursement for detention expenses paid by the County for juveniles in SRS custody. However, K.S.A. 38-1616(b) provides for reimbursement to the County. The statute states that the district court may hold a hearing on the question of requiring reimbursement by a person who by law is liable to maintain, care for, or support the juvenile. K.S.A. 38-1616(b)(1). The statute also provides that the County may bring a separate action for reimbursement against such person. K.S.A. 38-1616(b)(3). However, the statute does not state that the County is absolutely entitled to reimbursement; that determination necessarily rests on the facts of each case.

The parties have adopted differing positions regarding how much of the actual detention expenses SRS is legally obligated to pay. The viability of both positions leads to the conclusion that the County's right to recover the full amount of the expenses is in substantial dispute. Mandamus is not an appropriate means to enforce a right which is in substantial dispute. See *Long v. Board of Wyandotte County Comm'rs*, 254 Kan. at 211. Rather, "before an order of mandamus may be issued it must be found that a clear legal right has been violated. . . . Mandamus lies only to enforce a right in a clear-cut case." *Lauber v. Firemen's Relief Assn. of Salina*, 195 Kan. 126, 129, 402 P.2d 817 (1965). Unless a defend-

ant's legal duty is clear, the court should not issue a writ of mandamus. *Huser v. Duck Creek Watershed Dist. No. 59*, 234 Kan. 1, 4-5, 668 P.2d 172 (1983). Because the County's right to recover the full amount of E.R.'s detention expenses is in substantial dispute, mandamus is not an appropriate means to resolve the issue. *Cf. Huser v. Duck Creek Watershed Dist. No. 59*, 234 Kan. at 3-5 (holding that because the enabling statutes did not make clear the watershed district's duty, mandamus was not a proper remedy).

Next, SRS contends that mandamus is not appropriate because an adequate remedy at law exists. As a general rule, "a writ of mandamus may not issue in any case where there is a plain and adequate remedy in the ordinary course of the law." *Gray v. Jenkins*, 183 Kan. 251, 254, 326 P.2d 319 (1958). See *Stephens v. Van Arsdale*, 227 Kan. 676, 682, 608 P.2d 972 (1980). Our Supreme Court has, on occasion, expanded the availability of mandamus "when confronted with significant issues of statewide concern." *Stephens v. Van Arsdale*, 227 Kan. at 682.

"Courts will not accept jurisdiction of a mandamus action simply to give guidance to a public official or to settle disputes between public officials. It is only where an issue of law affects public officials, presents an issue of great public importance and significant State interest, and requires a speedy adjudication that mandamus is an appropriate and proper means to decide the issue." *Long v. Board of Wyandotte County Comm'rs*, 254 Kan. at 212.

In the present case, K.S.A. 38-1616(b) provides the County with a remedy at law. The statute states that the County may bring a separate action for reimbursement of juvenile expenses from the person responsible for the care and custody of the juvenile. K.S.A. 38-1616(b)(3). Because a remedy at law exists, mandamus is improper unless the juvenile detention cost issue is of great public importance and significant State interest.

The County argues that this case presents an issue of significant statewide concern and that mandamus is proper because the detention costs dispute between SRS and county governments is of a recurring and ongoing nature, see *Stephens v. Van Arsdale*, 227 Kan. at 683, and also because an authoritative interpretation of Kansas law is needed to guide the parties and establish SRS's legal

duty to pay. See *State ex rel. Stephan v. Parrish*, 257 Kan. 294, 296, 891 P.2d 445 (1995).

Although the County presents the issue as having a broad scope and far-reaching implications, it is apparent that the core of the dispute is grounded in the particular and somewhat unusual facts of this case. The controversy in this case was caused by RCYS attempting to secure payment from the wrong party; RCYS should have billed SRS instead of the County. When viewed in that light, the matter hardly seems to present an issue of significant statewide concern or great public importance. Moreover, this court's recent decisions in *In re C.C.* and *In re J.L.* provide guidance by clarifying the obligations of SRS and the County regarding payment of juvenile detention expenses.

Because SRS does not contest the validity of the court's temporary order, we need not address the County's discussion of K.S.A. 38-1632 and K.S.A. 38-1664(b).

Affirmed.