No. 77,019

DAVID A. RICKE, *Appellant*, v. THE CITY OF EL DORADO, KANSAS and DOYLE EUGENE WHITE, JR., MUNICIPAL JUDGE, *Appellees*.

(939 P.2d 916)

Opinion filed May 30, 1997.

*David A. Ricke*, of El Dorado, appellant pro se, argued the cause and was on the brief.

*Michael G. Coash*, of El Dorado, argued the cause and was on the brief for appellees.

*William P. Turner*, of Overland Park, was on the brief for *amicus curiae* Kansas Association of Criminal Defense Attorneys.

The opinion of the court was delivered by

ABBOTT, J.: This is a mandamus action brought by a practicing lawyer, David A. Ricke, against the City of El Dorado (City) and Doyle Eugene White, a municipal judge for the City. Ricke brought this mandamus action in an attempt to recover a reason-

able sum for legal work performed in the municipal court of El Dorado. The trial court denied mandamus, and Ricke appealed.

An indigent was charged in the municipal court of El Dorado with violations of several municipal ordinances, including driving under the influence of alcohol or drugs. The clerk of the court called Ricke and asked him if he would accept an appointment to represent the indigent in the DUI misdemeanor charge brought against her.

Ricke knew the appointment was not mandatory and that he could decline the appointment if he chose to do so. He had last accepted such employment in 1990. Neither Ricke nor the City discussed payment terms. The City had no contracts with any attorneys to provide indigent defense services.

The City contended it paid attorneys who were willing to accept appointments $100 to $150 per appointment. Ricke testified he had no knowledge of this understanding.

When the case was concluded, Ricke billed the City $325 (representing 6.5 hours at $50 per hour). The City sent a check to Ricke in the amount of $150. Ricke did not cash the check.

In a later case, which Ricke was appointed to while this dispute was pending, Ricke billed the City $140 for legal services performed for an indigent defendant charged with the violation of a city ordinance. The $140 bill amounted to 2.8 hours of work, billed at $50 per hour. The City paid the bill without protest.

Ricke makes an argument that he customarily billed the City $50 per hour. We place no significance on this argument. The only evidence concerning fees is the $140 bill incurred after the services that are the subject of this mandamus action, and that bill falls within the range the evidence shows the City pays to those attorneys willing to accept employment.

Ricke, the City, and Judge White attempted to work out their differences, without success, and Ricke then filed this mandamus action asking the trial court to compel payment of the full $325 bill for Ricke's services. The trial court held that setting Ricke's fee was a discretionary act and that mandamus was not a proper remedy.

Ricke assumes this is a case similar to *State ex rel. Stephan v. Smith*, 242 Kan. 336, 747 P.2d 816 (1987), which involved the compensation of court-appointed attorneys. We do not find this to be so. We view this case as a fee dispute case. Ricke was not required to accept employment. He voluntarily accepted appointment without making any inquiry as to how his fee would be computed. He made some assumptions that are not justified by the record before us.

The City has authority to contract for court-appointed attorney services and can contract at whatever rate an attorney is willing to accept. Here, there was a request for and acceptance of employment, and the City thought there was a community-wide knowledge of the compensation terms. Ricke had no knowledge of the fee paid, but he did not inquire about compensation terms when he voluntarily accepted employment. We agree with the trial court that mandamus is not an appropriate remedy in this case.

> "It has uniformly been held that the remedy of mandamus is available only for the purpose of compelling the performance of a clearly defined duty; that its purpose is to require one to whom the writ or order is issued to perform some act which the law specifically enjoins as a duty resulting from an office, trust, or station; that mandamus may not be invoked to control discretion and neither does it lie to enforce a right which is in substantial dispute, and further, that resort to the remedy may be had only when the party invoking it is clearly entitled to the order which he seeks. (*Drainage District v. Wyandotte County et al.*, 117 Kan. 369, 232 Pac. 266, *Gray v. Jenkins*, 183 Kan. 251, 254, 326 P.2d 319.)" *Lauber v. Firemen's Relief Assn. of Salina*, 195 Kan. 126, 128-29, 402 P.2d 817 (1965).

> " '[M]andamus is an appropriate proceeding designed for the purpose of compelling a public officer to perform a clearly defined duty, one imposed by law and not involving the exercise of discretion. . . .'
>
> "Determining . . . whether an attorney has reasonably spent 10 or 100 hours representing a defendant in a criminal case [is a] discretionary matter[]." *State ex rel. Stephan v. Smith*, 242 Kan. at 348.

We do not in any manner depart from our prior cases concerning court appointments. We simply hold that a municipal court may contract for legal services for indigent defendants in a criminal case, and if it chooses that method, the market will set the price. If the market system does not produce effective counsel, then the municipality must adopt a mandatory appointment system and

compensate the attorney so appointed as set forth in *State ex rel. Stephan v. Smith*, 242 Kan. 336. Under the facts of this case, mandamus is not a proper remedy. Thus, the trial court did not err, and Ricke is not entitled to attorney fees for bringing this action.

Affirmed.